William A. Fuhrman (ISB 2932)
Erika P. Judd (ISB 8241)
JONES ♦ GLEDHILL ♦ FUHRMAN ♦ GOURLEY, P.A.
225 North 9th Street, Suite 820
Post Office Box 1097
Boise, Idaho  83701
Telephone:  208-331-1170
Facsimile:  208-331-1529

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN GELON, as Trustee of the MACON-MORGL TRUST,<br><br>  Plaintiff,<br>v.<br><br>CHRISTIE ANNE HAUGH,<br><br>  Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF, BREACH OF WARRANTY DEED AND SPECIFIC PERFORMANCE** |

COMES NOW Plaintiff Steven Gelon, as Trustee of the MACON-MORGL Trust ("Plaintiff"), and brings this action against the above-named Defendant relating to the following-described real property located in Blaine County, Idaho:

### I. PARTIES

1. Plaintiff is a resident of California.

2. Defendant Christie Anne Haugh ("Haugh") resides in Blaine County, Idaho.

### II. JURISDICTION AND VENUE

3. This is an action for breach of a warranty deed, for declaratory relief and damages, and for specific performance.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF WARRANTY DEED AND SPECIFIC PERFORMANCE - 1

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1331 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391 because Defendant Haugh resides in Blaine County, Idaho.

### III. GENERAL ALLEGATIONS

6. Plaintiff is the owner of the real property located in Blaine County, Idaho, which is commonly known as 113 Townsend Gulch Road, Blaine County, Idaho (the "Property").

7. Defendant Haugh transferred the Property to Plaintiff by virtue of a Warranty Deed, dated October 30, 2012, and recorded as Instrument No. 602583, in the official records of Blaine County, Idaho. A true and correct copy of the Warranty Deed is attached hereto as **Exhibit A**. The purchase price of the Property was $2.8 million out of which amount Defendant Haugh received payment of $1.215 million.

8. In the Warranty Deed, Defendant Haugh covenanted that she owned the Property in fee simple, that the Property was free from all encumbrances and that she would warrant and defend the same from all lawful claims whatsoever.

9. Plaintiff has had exclusive possession of the Property since 2012 and has paid all real property taxes due on the Property.

10. In August of 2017, Plaintiff was advised that at the time of Plaintiff's purchase of the property, there existed a Deed of Trust in favor of Bank of America, N.A. ("B of A"), a true and correct copy of which is attached as **Exhibit B**, securing through the property a personal line of credit of up to $1.5 million and which repayment obligation was, as of August 2017, in

the amount of $1.37 million. Despite Defendant Haugh's representations and warranties, the debt owing to B of A was not repaid at the time of the closing of the sale to Plaintiff in 2012.

11. Defendant Haugh's counsel represented that although she continued to make payments to B of A after the sale of the Property in 2012, by August 2017, she could no longer do so and that she was in default on the note secured by the Deed of Trust attached as Exhibit B. (Hereinafter described as the "Subject Deed of Trust").

12. Based upon the representations of Defendant Haugh's counsel, Defendant Haugh is in default on her obligation to B of A, and therefore, B of A could initiate a foreclosure action by virtue of the Subject Deed of Trust, to the detriment of Plaintiff.

13. In December 2017, demand was made on Defendant Haugh to secure the release of the offending lien on the Property, which demand was not met.

## FIRST CAUSE OF ACTION

### Declaratory Relief

14. Plaintiff realleges and incorporates by reference each and every allegation set forth above.

15. An actual controversy has arisen as between Plaintiff and Defendant concerning their respective rights and duties regarding the Property.

16. Plaintiff desires a judicial determination of his rights, obligations and duties pursuant to the terms of the Subject Deed of Trust and the documents referenced therein.

17. Plaintiff is, and at all times since October 2012 was, fee simple owner of the Property. Plaintiff has had exclusive possession of the Property since 2012 and has paid all real property taxes due on the Property.

18. In the Warranty Deed executed and delivered by Defendant Haugh, Defendant Haugh warranted to Plaintiff that she was conveying the Property free and clear of all encumbrances.

19. The Subject Deed of Trust, if valid and enforceable, constitutes an encumbrance on the Property.

20. Plaintiff is entitled to a declaration whether the Subject Deed of Trust constitutes a lawful claim against the Property and, if so, Defendant Haugh has a duty to defend and indemnify Plaintiff from all claims arising from the Subject Deed of Trust.

21. Should the Court declare the Deed of Trust is a valid and enforceable encumbrance on the Property, Plaintiff is entitled to the following declarations from this Court:

    a) The encumbrance violates the covenants and warranties in the Warranty Deed from Defendant Haugh; and

    b) Defendant Haugh has a duty to defend and indemnify Plaintiff from any claims or encumbrances against the Property, including but not limited to claims arising from the Subject Deed of Trust.

## SECOND CAUSE OF ACTION

### Breach of Written Warranty Deed

22. Plaintiff realleges and incorporates by reference each and every allegation set forth above.

23. In the Warranty Deed delivered by Defendant Haugh, Defendant Haugh covenanted that she was the owner of the Property in fee simple and that the Property was free from all encumbrances.

24. In addition, Defendant Haugh warranted to defend the Property from all lawful claims whatsoever.

25. B of A has asserted a lawful interest in the Property and right to foreclose the Property at a Trustee Sale.

26. Defendant Haugh has breached the covenants contained in the Warranty Deed by failing to transfer the Property free of all encumbrances.

27. Plaintiff has made demand upon Defendant Haugh to remove any cloud on Plaintiff's title to the Property, to cure any alleged defaults, or to defend against claims made against the Property relating to the Subject Deed of Trust.

28. Despite Plaintiff's demand, Defendant Haugh has failed or refused to remove any cloud on Plaintiff's title to the Property, to cure any alleged defaults, or to defend against claims made against the property relating to the Subject Deed of Trust.

29. Thus, Defendant Haugh has further breached the covenants and warranties in the Warranty Deed by failing to remove any cloud on Plaintiff's title, to cure any alleged defaults, or to defend against such claims relating to the Subject Deed of Trust.

30. As a result of Defendant Haugh's breach of the covenants and warranties in the Warranty Deed, Plaintiff has suffered and continues to suffer damages.

### THIRD CAUSE OF ACTION

**Specific Performance**

31. Plaintiff realleges and incorporates by reference each and every allegation set forth above.

32. In the Warranty Deed delivered by Defendant Haugh, Defendant Haugh covenanted that she was the owner of the Property in fee simple and that the Property was free from all encumbrances.

33. In addition, Defendant Haugh warranted to defend the Property from all lawful claims whatsoever.

34. B of A has asserted a lawful interest in the Property and a right to foreclose the Subject Deed of Trust against the Property at a Trustee Sale.

35. If B of A forecloses on the Property, Plaintiff will be irreparably harmed.

36. Plaintiff is entitled to entry of an order from this Court requiring Defendant Haugh to timely remove any cloud on Plaintiff's title, and to defend, indemnify and to quiet title in and to the Property, in favor of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a declaratory judgment stating the parties' rights with regard to the Property, the Subject Deed of Trust, and the Warranty Deed.

2. For a quiet and peaceful possession of the respective right, title, and interest in the Property to Plaintiff.

3. For the damages suffered by Plaintiff as a result of Defendant Haugh's breach of the Warranty Deed.

4. For Defendant Haugh's specific performance of her obligations under the Warranty Deed.

5. For Plaintiff's reasonable attorneys' fees and costs in bringing this action.

6. For such other and further relief as the Court shall deem just and proper.

DATED this 7th day of November, 2018.

                          JONES ♦ GLEDHILL ♦ FUHRMAN ♦ GOURLEY, P.A.

                          By: /s/ William A. Fuhrman
                               William A. Fuhrman, Of the Firm
                               Attorneys for Plaintiff